UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARRY MAY,

    Plaintiff,

v.                                        CASE NO.: 8:12-cv-1492-T-23AEP

CITY OF TAMPA,

    Defendant.

_____/

## ORDER

    Contrary to the disciplinary rules of the City of Tampa, Barry May reported to work under the influence of alcohol.  After the pre-disciplinary hearing prescribed by the City's rules, the City terminated May.  The City's Civil Service Board upheld May's termination after an "appeal hearing," prescribed also by the City's rules, that included a trial *de novo* at which the City bore the burden of proving the validity of May's termination.  Forbearing direct review, available in a Florida circuit court, of the Civil Service Board's determination, May sued the City in a new state-court action and asserted both state claims for breach of contract and declaratory judgment and a federal claim under 42 U.S.C. § 1983 for a denial of procedural due process of law.  The City removed based on "federal question" jurisdiction.

    May alleges that his pre-disciplinary hearing was a denial of due process and a "sham" because, May asserts, the responsible supervision of the City decided before the hearing to terminate him.  However, May's federal due process claim necessarily fails (1) because a pre-disciplinary hearing requires only notice of, and an opportunity

to respond to, the charges against him, both of which requirements were satisfied by May's pre-disciplinary hearing; (2) because the post-termination "appeal hearing" before the Civil Service Board both included a trial *de novo* in which the City bore the burden of proof and superseded any arguable defect in May's pre-disciplinary hearing; and (3) because, after losing the Civil Service Board's "appeal hearing," May forbore the direct judicial review available under Florida law and, therefore, May cannot establish that Florida failed to provide the adequate procedural remedy required by federal principles of due process.

\* \* \* \* \*

May worked at the Tampa Convention Center as a "Computer Operations and Technology Analyst." On August 5, 2010, several employees, including the Director of the Convention Center, noticed that May appeared intoxicated. May's eyes were watery and his breath smelled of alcohol. As required by the City's rules, May signed a consent to an alcohol test, and a person from the City's Human Resources Office transported May to a testing facility. Two tests measured May's blood alcohol content at .185 and .181.

On August 6, 2010, May underwent a substance abuse evaluation through the City's Employee Assistance Program ("EAP"). May agreed to complete an EAP substance abuse recovery program, after which the EAP advised May's supervisors that he was able to return to work pending a second evaluation.

Following May's medical release from the EAP program and in accord with Section B28.1C of the City's "Personnel Manual," which section is titled "Discipline Administration," the City held a pre-disciplinary hearing. Describing the content of a pre-disciplinary hearing, Rule B28.1C states in pertinent part:

1. Purpose - A pre-disciplinary hearing is provided to all classified, non-probationary employees prior to the imposition of a suspension, demotion, or dismissal. The hearing provides employees the opportunity to refute or clarify the events leading to the disciplinary action and fulfills due process requirements.

2. Scheduling - The Department Director (or designee) must schedule a pre-disciplinary hearing upon awareness that a suspension, demotion, or dismissal may be imposed as a result of employee misconduct or substandard performance.

   a. Notice of the hearing must be given to the employee in writing at least twenty-four hours prior to the meeting, along with a copy of the Notice of Disciplinary Action. The Notice of Disciplinary Action should be partially completed at this stage, only to include the pending charges, (the decision of what type of disciplinary action will occur will not be made until the hearing is conducted).

3. Conducting Pre-disciplinary Hearings - At the hearing, the department director (or designee):

   a. Confirms that the employee has received a copy of the charges;

   b. Explains the charges and the type of disciplinary action being contemplated;

   c. Provides the employee with an opportunity to offer any contrary evidence, explanation, and/or comments.

4. Making the Disciplinary Decision.

   a. After the steps in #3 above have been satisfied, the employee is told to leave the hearing. At this time

>                    management representatives discuss the appropriate
>                    action and a decision is made by management.
>
>     b.     The employee is then asked to return to the room and
>            is informed of the decision.

After hearing the charges and evidence against him, May was given an opportunity at the pre-disciplinary hearing to respond to the charges and to explain the results of his alcohol tests. Although he apologized for his action, May neither denied nor disputed the test results. May stated that his behavior was influenced by medication, but May never claimed that the medication interfered with the alcohol tests. In accord with the City's policy permitting termination after an episode of reporting to work under the influence of alcohol, the City fired May.

May appealed his termination to the City's Civil Service Board. With the assistance of counsel, May had the opportunity to present evidence, cross-examine witnesses, and explain why he thought his termination was wrongful. On January 24, 2011, the Board affirmed May's termination. May failed to pursue in a Florida court the immediately available and direct judicial review of the Board's decision.

* * * * *

May argues that his pre-disciplinary hearing was a "sham" because the decision to fire him was allegedly made in advance of the hearing. As evidence that he did not receive a meaningful pre-disciplinary hearing, May relies on emails proposing the form for a termination order and on deposition testimony claiming that

a supervisor "wanted him gone." Citing *Ryan v. Ill. Dep't of Children Family Services*, 185 F.3d 751, 762 (7th Cir. 1999), May claims he "could not have challenged the inherent bias of the decision makers at any time prior to now since he only learned that the pre-disciplinary hearing was a sham in discovery in this case." (Doc. 24)

However, *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985), explains that due process requires "some kind of hearing prior to the discharge of an employee who has a constitutionally protected interest in his employment." *Loudermill* explains that a pre-disciplinary hearing "need not be elaborate," and that "something less than a full evidentiary hearing is sufficient prior to adverse administrative action." 470 U.S. at 545. In sum, in a pre-disciplinary hearing due process requires only notice and a chance to be heard; due process does not require a spotlessly impartial, full-blown trial.

Nonetheless, any defect in May's pre-disciplinary hearing was cured by his post-termination review by the City's Civil Service Board. The Hillsborough County Civil Service Board Rules closely conform to the Civil Service Act of 2000, Chapter 2000-445, Laws of Florida, which requires the establishment of conforming rules. The Civil Service Board Rules, along with Chapter 2000-445, present a paradigm of due process, which includes, for example, Rule 15.1(d):

> During the appeal hearing, the employee initiating the appeal shall have the right to be heard publicly, to present evidence, to cross examine, and to be represented by legal counsel, or an individual of the employee's choice, as provided for in 15.1(e).

Rule 15.2 of the Civil Service Board Rules provides for a pre-trial notice to the employee. The notice, which limits the "subject matter litigated during the 'appeal hearing'":

> must include the action which is being taken, the factual basis for imposing the action, the effective date or dates of the action, and the specific Civil Service Rule(s) which the Agency Head claims have been violated.

Rule 15.4 requires that the Civil Service Board "make every reasonable effort" to hear the case within "thirty working days." The Rules provide detailed procedures for scheduling and continuing a hearing, for a motion for summary judgment, for oral argument on a motion, for issuance and enforcement of subpoenas, for a pre-hearing statement and conference (similar to the requirement of the Federal Rules of Civil Procedure), for management of exhibits for trial, and for composition of the hearing panel. Perhaps the heart of the Rules is the "hearing procedures" provision, which will sound familiar to any federal or Florida trial lawyer:

> (1) The Board shall address any preliminary matters including motions in limine, motions to sequester witnesses or other procedural or substantive matters which should be addressed before commencement of the evidence.
>
> (2) Witnesses shall be identified and sworn.
>
> (3) Each party may make an opening statement. Opening statements are not evidence and are not designed for argument of the case. Rather, the opening statement provides the parties an opportunity to inform the Board of the facts that the party believes will be shown by the evidence as they relate to the alleged violation(s) of Civil Service Rules(s) or Agency policy(ies) and/or procedures(s). The party bearing the burden of proof shall proceed first.

    (4) The party bearing the burden of proof shall proceed with its case by calling witnesses and introducing documentary or other evidence. The responding party shall proceed with his or her case. The party bearing the burden of proof, upon cause shown, may be allowed limited rebuttal. Surrebuttal shall not be permitted except when the interests of justice so require.

    (5) Each witness called by any party may be cross-examined by the opposing party. Re-direct examination shall be permitted. Re-cross examination shall be permitted only upon good cause. At the conclusion of examination by the parties, the Board shall have the opportunity to inquire of the witness.

    (6) After the conclusion of the evidence, each party shall have the opportunity to present closing argument. Closing argument is not evidence, but is designed to inform the Board of each party's position as to the facts demonstrated by the evidence and whether or not the alleged violation(s) of Civil Service Rules(s) or Agency policy(ies) and/or procedures(s) have been proven.

    (7) After closing argument, the Board shall conduct its deliberations in open meeting. The Board shall vote separately on each alleged Civil Service Rule violation.

And, of course, the Rules provide that "the Agency Head or a designated representative" bears the burden "to prove its case by a preponderance of the evidence," which is defined to require the Civil Service Board to find "that the facts asserted by the Agency Head . . . are more likely true than note the typical burden of proof in an employment matter.

    May has not argued that the Board harbored any bias or that the Board's "appeal hearing" was procedurally or otherwise flawed. Even if May's pre-disciplinary hearing included some procedural or other defect, the Civil Service Board's thorough and plenary review – in the form of an "appeal hearing" that included a trial *de novo* – rectified any deficiency in May's pre-disciplinary hearing.

Finally, May's claim of a denial of procedural due process fails because Florida law affords May judicial review by *certiorari* in Florida's circuit courts. FLA. R. APP. P. 9.030(c)(2); *Cambell v. Vetter*, 375 So. 2d 4, 5 (Fla. 4th DCA 1979). Even if he suffered a deprivation of procedural due process because of a biased pre-termination hearing, May failed to exercise his procedural right to judicial review in Florida. Because an adequate and available procedural remedy exists under the law of Florida, no claim for denial of procedural due process can exist. *McKinney*, 20 F.3d 1550, 1563 (11th Cir. 1994) ("[E]ven if McKinney suffered a procedural deprivation at the hands of a biased Board at his termination hearing, he has not suffered a violation of his procedural due process rights unless and until the State of Florida refuses to make available a means to remedy the deprivation."); *Cotton v. Jackson*, 216 F.3d 1328, 1331 (11th Cir. 2000) ("It is the state's failure to provide adequate procedures to remedy the otherwise procedurally flawed deprivation of a protected interest that gives rise to a federal procedural due process claim."); *Autery v. Davis*, 355 Fed. App'x 253, 255 (11th Cir. 2009) ("In this circuit, state-court review of employment termination decisions qualifies as an adequate post-deprivation remedy."); *see also Horton v. Bd. of Cnty. Comm'rs of Flagler Cnty.*, 202 F.3d 1297, 1300 (11th Cir. 2000) (Carnes, J.) ("The *McKinney* rule is not micro in its focus, but macro. It does not look to the actual involvement of state courts or whether they were asked to provide a remedy in the specific case now before the federal court. Instead, the *McKinney* rule looks to the existence of an opportunity – to whether the state courts,

if asked, generally would provide an adequate remedy for the procedural deprivation the federal court plaintiff claims to have suffered. If state courts would, then there is no federal procedural due process violation regardless of whether the plaintiff has taken advantage of the state remedy or attempted to do so.").

## CONCLUSION

The City's motion for summary judgment (Doc. 17) on May's procedural due process claim under Section 1983 is **GRANTED**. Under 28 U.S.C. § 1367(c), supplemental jurisdiction over May's state contract claim is **DECLINED**.[*] The remaining state-law claims are **REMANDED**.

The clerk is directed (1) to mail a certified copy of this order to the clerk of the circuit court for Hillsborough County, Florida, (2) to terminate any pending motion, and (3) to close the case.

ORDERED in Tampa, Florida, on August 12, 2013.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[*] May asserts a claim for declaratory relief. To the extent that this claim is derivative of May's due process claim, the City's motion for summary judgment (Doc. 17) is **GRANTED**. To the extent that this claim is derivative of May's contract claim, supplemental jurisdiction is declined under 28 U.S.C. § 1367(c).